

# The Attorney General of Texas

September 22, 1986

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
iston, TX. 77002-3111
, i3/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. Joseph C. Gagen
Chairman
Texas Industrial Accident Board
105 W. Riverside Drive
Austin, Texas 78704

Opinion No. JM-549

Re: Whether the Industrial Accident Board is entitled to interest earned in the Compensation to Victims of Crime Fund

Dear Mr. Gagen:

Article 8309-1, V.T.C.S., the Crime Victims Compensation Act, creates at section 14 the Victims of Crime Compensation Fund "in the state treasury," which is to be used by the Industrial Accident Board for the payment of compensation to claimants. Revenues for the fund are derived from additional court costs imposed by the act upon persons convicted of certain offenses. The act specifically prohibits the payment of general revenues to persons seeking compensation under the act. You ask the following question:

> Is the Industrial Accident Board entitled to have
> the interest earned on the Compensation to Victims
> of Crime Fund deposited in the Fund?

We answer your question in the negative; we conclude that such interest must be deposited in the General Revenue Fund.

Article VIII, section 7, of the Texas Constitution provides the following:

> The Legislature shall not have power to borrow, or
> in any manner divert from its purpose, any special
> fund that may, or ought to, come into the Treasury;
> and shall make it penal for any person or persons
> to borrow, withhold or in any manner to divert from
> its purpose any special fund, or any part thereof.

Article VIII, section 7, has been construed to require that interest on constitutionally dedicated funds may be spent only for the purposes for which the funds were created; a diversion of such interest to other purposes would violate the constitution. Lawson v. Baker, 220 S.W. 260, 272 (Tex. Civ. App. - Austin 1920, writ ref'd). Consequently, interest earned on a constitutional fund must be credited to that fund, unless the constitution itself otherwise directs. Attorney General Opinions JM-323, JM-321 (1985); M-468

(1969). The interest on state funds dedicated by statute, however, may be legally severed and placed in the general fund. See Gulf Insurance Co. v. James, 135 S.W.2d 966 (Tex. 1945) (article VIII, section 7, of the Texas Constitution applies only to special funds created by the constitution, not by statute); Attorney General Opinions JM-323, JM-321 (1985); MW-338 (1981); see also Brazos River Conservation & Reclamation District v. McCraw, 91 S.W.2d 665, 674 (Tex. 1936) (article VIII, section 7, does not apply to general revenue funds). Article 2543d (since repealed and re-codified as section 3.042(a) of article 4393-1, V.T.C.S.) effects such a severance of interest on statutory funds as a general rule.

Section 3.042(a) of article 4393-1, V.T.C.S., the article that sets forth the powers and duties of the state treasurer, provides the following:

> Interest received from time deposits of money in funds and accounts in the charge of the treasurer shall be allocated as follows: to each constitutional fund there shall be credited the pro rata portion of the interest received due the fund; the remainder of the interest received, with the exception of that portion required by other statutes to be credited on a pro rata basis to protested tax payments, shall be credited to the General Revenue Fund. The interest received shall be allocated on a monthly basis. (Emphasis added).

The funds about which you inquire are not constitutionally dedicated funds; rather, they are statutory funds. Consequently, pursuant to section 3.042(a), the interest on such funds would normally be credited to the General Revenue Fund. However, the rule with regard to the disposition of interest earned by the deposit of trust funds is different.

This office previously has determined that the provisions of what is now section 3.042(a) of article 4393-1, V.T.C.S., do not apply to interest earned on trust funds that are not the property of the state and that the state treasurer holds as trustee out of the state treasury. Opinions issued by this office consistently have maintained that interest on such trust funds becomes part of the principal and, consequently, part of the fund that generated the interest. See Attorney General Opinions JM-306, JM-300 (1985); MW-82 (1979); H-1040 (1977); M-468 (1969). Cf. Attorney General Opinions MW-338 (1981); H-1187 (1978). The adoption of such a doctrine is strongly supported by language set forth in section 4.003 of article 4393-1, V.T.C.S., setting forth exemptions to the reach of the act and providing at subsection (b) the following: "This chapter does not apply to: . . . (2) funds held in trust or escrow for the benefit of a person or entity other than a state agency." The issue, then, is

whether the funds about which you inquire are trust funds, as opposed to statutory funds. We conclude that they are statutory funds.

The opinions cited above indicate that in order to be characterized as trust funds, the funds in question should reflect, among other things, (1) that they are administered by a trustee or trustees, (2) that the funds neither are granted to the state in its sovereign capacity nor collected for the general operation of state government, and (3) that they are to be spent and invested for specific, limited purposes and for the benefit of a specific group of individuals. Being in the nature of a trust, such funds are entitled to retain the proceeds from their investment. Attorney General Opinions MW-481 (1982); M-468 (1969). It is clear from a reading of article 8309-1, V.T.C.S., that the funds about which you inquire fail to exhibit the requisite trust characteristics and are thereby statutory funds whose earned interest must be credited to the General Revenue Fund.

Section 14 of the act provides the following in pertinent part:

> Sec. 14.  (a)  The Compensation to Victims of Crime Fund is created in the State Treasury to be used by the board for the payment of compensation to claimants under this Act and other expenses in administering this Act.  The Compensation to Victims of Crime Auxiliary Fund is created in the State Treasury to be used by the board only for the payment of compensation to claimants under this Act.  The board shall make no compensation payments which exceed the amount of money in the combined funds.  No general revenues may be used for payments under this Act.

> (b)  A person shall pay $20 as a court cost on conviction of any felony, $15 as a court cost on conviction of a misdemeanor punishable by imprisonment or by a fine of more than $200, and $3 as a court cost, on conviction of a misdemeanor punishable by a fine of not more than $200, other than a misdemeanor that regulates pedestrians and the parking of motor vehicles. . . .  The court shall require a person convicted of an offense listed under this section to pay the court cost whether or not the court grants the person a probated sentence.  If a person is granted deferred adjudication under Article 42.12, 42.13, or 45.54, Code of Criminal Procedure, 1965, as amended, at the time the court grants deferred adjudication, the person shall pay as a court cost the amount that the person would have otherwise been required to pay under this subsection had the

adjudication not been deferred and had the person been finally convicted of the offense.

(c) Court costs under this section are collected in the same manner as other fines or costs.

(d) The officer collecting the costs in a municipal court case shall keep separate records of the funds collected as costs under this section and shall deposit the funds in the municipal treasury. The officer collecting the costs in a justice, county, or district court case shall keep separate records of the funds collected as costs under this section and shall deposit the funds in the county treasury.

Text of (e) as amended by Acts 1983, 68th Leg., p. 1739, ch. 335, §2

(e) On receipt, the custodian of a municipal or county treasury may deposit the funds collected under this section in interest-bearing accounts. The custodian shall keep records of the amount of funds on deposit collected under this section and shall remit to the comptroller of public accounts before the 10th day of each month the funds collected under this section during the preceding month. The city and the county may retain five percent of the funds collected under this section as a collection fee. The city or county may also retain all interest accrued on the funds.

Text of (e) as amended by Acts 1983, 68th Leg., p. 2764, ch. 475, §1

(e) The custodian of a municipal or county treasury shall keep records of the amount of funds on deposit collected under this section and shall remit to the comptroller of public accounts before the last day of each calendar quarter the funds collected under this section during the preceding quarter. The city and the county may retain 10 percent of the funds collected under this section as a collection fee. If no funds due as costs under this section have been collected in a quarter, the report required for the quarter shall be filed in the regular manner, and the report must state that no funds due under this section were collected.

> (f) The comptroller of public accounts shall deposit the funds received by him or her under this section in the Compensation to Victims of Crime Fund. Funds collected are subject to audit by the comptroller and funds expended are subject to audit by the State Auditor. (Emphasis added).

Unlike, for example, the funds created under articles 1066c, 1118x, 1118y, 5221b-7, and 6243e, V.T.C.S. (which govern local sales and use tax, metropolitan rapid transit authorities, regional transportation authorities, unemployment compensation, and fire fighters' relief and retirement, respectively), the funds created under the Crime Victims Compensation Act do not manifest sufficient trust fund characteristics. See Attorney General Opinions JM-539 (1986); JM-323, JM-321, JM-306 (1985). The act does not provide that the funds are to be administered by a trustee or trustees or by any public officer "in trust"; rather, the act specifies that the fund "is created in the State Treasury." It is the case, of course, that the act does not specify that the funds are granted to the state in its sovereign capacity, that the act specifies rather that such funds be paid only as compensation to claimants under the act; but the language so earmarking the funds differs in no material way from language typically found in the Appropriations Act directing the expenditure of state funds. Further, the act does not specify that the funds be held for a specific or identifiable group of individuals; in this instance, the group entitled to claim compensation consists of an open-ended, indefinite class.

We conclude that the funds created pursuant to article 8309-1, V.T.C.S., the Crime Victims Compensation Act, are statutory funds. Accordingly, we conclude that the Victims of Crime Compensation Fund is not entitled to be credited with interest earned by deposit of its funds; article 4393-1, section 3.042(a), V.T.C.S., requires that such interest be credited to the General Revenue Fund.

### S U M M A R Y

The Victims of Crime Compensation Fund is not entitled to be credited with interest earned by deposit of its funds; article 4393-1, section 3.042(a), V.T.C.S., requires that such interest be credited to the General Revenue Fund.

Very truly yours,

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Jim Moellinger
Assistant Attorney General